UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIEL LUTE,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL JOHNSON and JOHN HARDISON,<br><br>    Defendants. | Case No. 1:08-CV-00234-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court are various motions ripe for adjudication. The Court finds that oral argument is unnecessary and would cause undue delay in this matter. Having reviewed the parties' briefing, as well as the record in this matter, the Court enters the following Order.

### DEFENDANTS' MOTION TO DISMISS RETALIATION CLAIM FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

**1. Standard of Law**

Pursuant to the Prison Litigation Reform Act of 1995 (PLRA),[1] a prisoner is required to exhaust all administrative remedies within the prison system before he can bring a civil rights lawsuit challenging the conditions of his confinement. 42 U.S.C. § 1997e(a). "There is no question that exhaustion is mandatory under the PLRA and that

---

[1] 110 Stat. 1321-71, *as amended*, 42 U.S.C. § 1997e, *et seq.*

**MEMORANDUM DECISION AND ORDER - 1**

unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007).

The *Jones v. Bock* Court noted the important policy concern behind requiring exhaustion is that it "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Id.* at 204. In addition, the *Jones v. Bock* Court cited with approval the observation that "the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued; the grievance is not a summons and complaint that initiates adversarial litigation." *Id.* at 219 (internal citation omitted).

Where there is an "informal[]" and "relative[ly] simpl[e]" prison grievance system, prisoners must take advantage of it before filing a civil rights complaint. *Woodford v. Ngo*, 548 U.S. 81, 103 (2006). "Proper" exhaustion of administrative remedies is required, meaning that "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* at 85. Proper exhaustion is "defined not by the PLRA, but by the prison grievance system itself." *Jones v. Bock*, 549 U.S. at 218. Therefore, the "level of detail necessary in a grievance to comply with the grievance procedures" will be defined by the prison's own grievance policy. *Id.*

Failure to exhaust administrative remedies is an affirmative defense that should be brought as an unenumerated 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust administrative remedies, a

**MEMORANDUM DECISION AND ORDER - 2**

court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. Defendants bear the burden of proving failure to exhaust. *Brown v. Valoff*, 422 F.3d 926 (9th Cir. 2005). The United States Court of Appeals for the Ninth Circuit has instructed that "pro se claims are construed liberally for purposes of the exhaustion requirement." *Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 873 (9th Cir. 2008) (immigration context) (relying on *Agyeman v. INS*, 296 F.3d 871, 878 (9th Cir. 2002) and *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## 2. Discussion

Plaintiff's Amended Complaint, filed on November 17, 2008, included a claim that "Defendant Johnson's actions in retaliating for plaintiff's request for his First Amendment Rights were illegal by his placing plaintiff in Ad/Seg for PREA[2] in violation of the IDOC's P&P 325 (what/who constitutes/qualifies for PREA)." (Dkt. 6, p. 9.) The body of the Amended Complaint includes two dates on which Defendant Johnson placed Plaintiff in Ad/Seg for PREA: on or about July 18 or July 25, 2006 (*Id.*, p. 3), and on or about October 2, 2008. (*Id.*, p. 6.)

At issue in Defendants' Motion is whether Plaintiff exhausted his administrative remedies for his claim against Defendant Johnson for twice placing Plaintiff in administrative segregation under a PREA pretext allegedly in retaliation for Plaintiff's requests for a kosher diet.

---

[2] PREA is an acronym for "Prison Rape Elimination Act."

**MEMORANDUM DECISION AND ORDER - 3**

### A. *IDOC Grievance Policy*

To exhaust the IDOC grievance procedure, the inmate must first submit an offender concern form, next a grievance, and then an appeal of the grievance. (Affidavit of Kim Spaulding & Exhibit A, Standard Operating Procedure, Grievance and Informal Resolution Procedure for Offenders, 316.02.01.001, dated 5/2/08 (Dkt. 18-2)).

The grievance form must be filed within thirty (30) days of the incident or problem that is the basis for the grievance. An appeal must be filed within five (5) days of receiving the response. (*Id.*, ¶¶ 6 & 9.)

### B. *July 2006 Retaliatory Act*

Plaintiff began the grievance process by submitting an Inmate Concern Form (ICF) (precursor to the Offender Concern Form) to Warden Hardison on July 25, 2006. On the ICF, Plaintiff wrote to Warden Hardison: "Today I received a Restrictive Housing Order which states you placed me in Ad/Seg based on DW Johnson's arbitrary act of labeling me PREA. I haven't raped anyone. There is nothing to support this action of placing me in Ad/Seg. I believe DW Johnson is retaliating against me because I demanded my First Amendment right to a kosher diet and I haven't been eating this non-kosher food." (Plaintiff's Objection, Exhibit 14, Dkt. 20-1.)

There is no prison response to the ICF, but on the bottom of the ICF is a note from prison officials: "Returned K.R. 7/28." Plaintiff alleges that this note is from Kim Spaulding (then Kim Rieschman), who is the grievance coordinator, but Plaintiff argues that Spaulding did not address the ICF in her Affidavit submitted in support of the Motion

**MEMORANDUM DECISION AND ORDER - 4**

to Dismiss. (Affidavit of Kim Spaulding, Dkt. 18-2.)

Defendants have submitted only the Grievance Procedure that was in place in 2008, not the one in place in 2006. Therefore, the Court does not have a basis for determining what should have happened after return of the ICF without a response to Plaintiff.

Based on all of the foregoing, the Court concludes that Defendants have not borne their burden of proof to show that the Motion to Dismiss should be granted as to the 2006 retaliation claim. The United States Court of Appeals for the Ninth Circuit addressed a circumstance in *Sapp v. Kimbrell*, 623 F.3d 813 (9th Cir. 2010), that may be applicable here:

> [W]e hold that improper screening of an inmate's administrative grievances renders administrative remedies "effectively unavailable" such that exhaustion is not required under the PLRA. If prison officials screen out an inmate's appeals for improper reasons, the inmate cannot pursue the necessary sequence of appeals, and administrative remedies are therefore plainly unavailable.

*Id.* at 823.

While improper screening out of grievances is an exception to the exhaustion requirement, the Ninth Circuit Court also explained the limits of the exception:

> To fall within this exception, a prisoner must show that he attempted to exhaust his administrative remedies but was thwarted by improper screening. In particular, the inmate must establish (1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations.

**MEMORANDUM DECISION AND ORDER - 5**

*Id.* at 823-24.

There is insufficient evidence in the record to show which procedures were in effect in 2006, why the ICF was returned to Plaintiff with no response, and whether the procedures would have made it clear to Plaintiff that he should have filed a Grievance and attached the nonresponsive ICF as an exhibit. Rather than order the parties to file a supplement to their briefing and exhibits on the Motion to Dismiss at this point, the Court will permit Defendants to reassert this defense in the alternative in a Motion for Summary Judgment if they possess additional evidence regarding the prison's response to the July 25, 2006 grievance that shows entitlement to dismissal on failure to exhaust grounds.

C. *April 2008 Grievance Form*

Plaintiff submitted a Grievance in April 2008 that addressed his placement in Ad/Seg under a PREA designation. The question is whether this Grievance exhausted the April 2006 retaliation claim. The October 2008 retaliation claim occurred after the April 2008 Grievance was filed, and thus, the Grievance could not have exhausted that claim.

As noted above, the Grievance Policy submitted by Defendants was not in effect until November 2, 2008; the April 2008 Grievance at issue was filed well before that date. However, the Court concludes there is no dispute that the Grievance was filed accordingly to policy, and no dispute that its content is accurately reflected in the Exhibits submitted. The only issue is whether the Grievance can be interpreted to include Plaintiff's kosher diet retaliation claim. Therefore, unlike the circumstance discussed

above, the Court finds that this question can be answered without reference to the Grievance Policy that was in place at the time the April 2008 Grievance was submitted.

On April 6, 2008, Plaintiff filed a Grievance stating that he had been wrongfully labeled under PREA and placed in administrative segregation. (Exhibit T, Dkt. 20-1.) On April 20, 2008, he filed a Grievance Appeal, stating that he had not concerned a "Persistent Alert" classification, and he wanted to know the authorization for this label. (Exhibit U, Dkt. 20-1.) The typed version of the Grievance that both parties submitted shows that the Grievance was received on April 21, 2008, and answered on May 5, 2008. (Exhibit V, Dkt. 20-1.) All three of these forms show that Plaintiff alleged that Defendant Johnson had "arbitrarily" labeled him under PREA and placed him in administrative segregation.

Plaintiff now argues that his use of the word "arbitrarily" is enough to show that he exhausted his claims that Defendants retaliated against him for requesting a kosher diet. The Court disagrees. The thrust of Plaintiff's communication with the prison in his April Grievance and Appeal was that the criteria used to label him under PREA was not supported by written authority governing PREA (Policy 325), thus making the label arbitrary. Nothing in the Grievance would have alerted the prison that the arbitrary action was for the purpose of retaliation for Plaintiff's request for a kosher diet.

The Court concludes the April 2008 Grievance clearly did not exhaust the July 2006 claim that Plaintiff's classification under PREA and his placement in ad/seg were due to retaliation for Plaintiff's pursuit of a kosher diet. Instead, the Grievance concerned

**MEMORANDUM DECISION AND ORDER - 7**

why the PREA classification was based on his criminal convictions rather than any relevant DORs (he argues there were none), and his Appeal added the question of why he had a "Persistent Alert" classification when he had no DORs for predatory acts.

The April 2008 Grievance was filed before the alleged October 2008 second instance of retaliation, and could not have exhausted a claim that did not then exist. The Court also rejects Plaintiff's argument that the May 28, 2009 Grievance, filed after this lawsuit was initiated, exhausted a 2006 or a 2008 retaliation claim. Further, in the 2009 Grievance, Plaintiff states that Defendant Johnson is retaliating against him for the filing of the lawsuit. That is a different claim from the subject of this lawsuit, which is alleged retaliation for Plaintiff requesting a kosher diet.

### 3. Conclusion

Defendants' Motion to Dismiss will be denied without prejudice as to exhaustion of the July 2006 alleged retaliatory act, and granted as to the October 2008 alleged retaliatory act. Plaintiff's Motion to Strike and Motion for Sanctions will be denied because each is without adequate legal and factual basis.

# ORDER

**IT IS ORDERED:**

1. Defendants' Motion to Dismiss (Dkt. 18) is GRANTED in part and DENIED in part, as set forth above.

2. Plaintiff's Motion to Strike (Dkt. 22) is DENIED.

3. Plaintiff's Motion for Sanctions (Dkt. 23) is DENIED.

4. Any Motions for Summary Judgment shall be filed no later than **March 31, 2011.**

5. Plaintiff's two "Stipulations to Attend Settlement Conference" (Dkt. 24 & 29) are contained in the Docket. In order for a settlement conference to be set, Defendants must agree to attend. If they do, the parties shall file a joint stipulation (signed by Plaintiff and Defendants' counsel), with a copy to Susie Boring-Headlee, the Court's Alternative Dispute Resolution Coordinator, at the United States District Court, 550 West Fort Street, Boise, ID 83724.

DATED: January 26, 2011

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM DECISION AND ORDER - 9